IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JASON HUTCHINSON,                            :
                                             :
            Plaintiff                        :
                                             :        CIVIL NO. 1:CV-14-0625
       vs.                                   :
                                             :        (Judge Caldwell)
SGT. KOSAKOWSKI, *et al.*,                   :
                                             :
            Defendants                       :

*M E M O R A N D U M*

## I.    *Introduction*

The *pro se* plaintiff, Jason Hutchinson, a state inmate at SCI-Retreat, in
Hunlock Creek, Pennsylvania, filed this civil-rights action under 28 U.S.C. § 1983, alleging
that his due process rights were violated in connection with a false and fabricated
misconduct report.  Hutchinson names the following as defendants: SCI-Retreat; Sgt.
Kowaskoski; Deputy Brittan; and Superintendent Theresa Delbalso.  Hutchinson has also
filed an application to proceed *in forma pauperis*.

The Complaint is before the court for preliminary screening.  The court will
grant Hutchinson's motion to proceed *in forma pauperis* but will dismiss the Complaint as
Plaintiff has failed to state a claim on which relief may be granted against the named
defendants.  However, Hutchinson will be granted leave to file an amended complaint.

## II.   *Standard of Review*

When a litigant seeks to proceed *in forma pauperis,* 28 U.S.C. § 1915
requires the court to screen the complaint.   Likewise, when a prisoner seeks redress from
a government defendant in a civil action, whether proceeding *in forma pauperis* or not, the
court must screen the complaint.  *See* 28 U.S.C. § 1915A.  Both 28 U.S.C. § 1915(e)(2)(B)

and § 1915(A) give the court the authority to dismiss a complaint if it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); 28 U.S.C. § 1915A(b)(1)-(2).

A complaint is frivolous if it lacks an arguable basis either in law or fact.  *See Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003)(citing *Neitzke v. Williams*, 490 U.S. 319, 327-28, 109 S.Ct. 1827, 1832-33, 104 L.Ed.2d 338 (1989)).  In deciding whether the complaint fails to state a claim on which relief may be granted, the court employs the standard used to analyze motions to dismiss under Fed. R. Civ. P. 12(b)(6).  *See Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).  Under Rule 12(b)(6), we must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008)).  The court may also rely on exhibits attached to the complaint and matters of public record.  *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007).

Pursuant to Fed. R. Civ. P. 8(a), a complaint need only "include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests."  "[T]he factual allegations of a complaint 'must be enough to raise a right to relief above the speculative level' and the complaining party must offer 'more than labels and conclusions' or 'formulaic recitation of the elements of a cause of action.'"  *W. Run Student Hous. Assocs., LLC. v. Huntington Nat'l Bank*, 712 F.3d 165, 169 (3d Cir. 2013)(quoting *Bell Atl.*

-2-

*Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007)).

Legal conclusions are "not entitled to the assumption of truth." *Bistrian v. Levi*, 696 F.3d

352, 365 (3d Cir. 2012)(citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949,

173 L.Ed.2d 868 (2009)).

Finally, we note that *pro se* pleadings are held to a less stringent standard

than formal pleadings drafted by attorneys and are to be liberally construed. *See Erickson

v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); *Giles v.

Kearney*, 571 F.3d 318, 322 (3d Cir. 2009). *Pro se* litigants are to be granted leave to file a

curative amended complaint even when a plaintiff does not seek leave to amend, unless

such an amendment would be inequitable or futile. *See Philips*, 515 F.3d at 245-46 (citing

*Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004)). However, a complaint that sets forth

facts which affirmatively demonstrate that the plaintiff has no right to recover is properly

dismissed without leave to amend. *Grayson v. Mayview State Hospital*, 293 F.3d 103, 106

(3d Cir. 2002).

III.    *Background*

Plaintiff alleges as follows. On January 9, 2014, defendant Sgt. Kowaskoski

issued him a fabricated and false misconduct. (Doc. 1, ECF p. 2). Plaintiff was accused of

violating three institutional rules, which he does not specify. Upon his receipt of the

misconduct report, Hutchinson was removed from general population and placed in the

Restricted Housing Unit (RHU). (*Id.*)

At some point, Plaintiff received a misconduct hearing, conducted by an

unidentified hearing examiner. He claims he was denied his due process rights because

"he was not given the opportunity to be heard (In (sic) a Fair (sic) manner) by the Hearing

-3-

Examiner," and was not allowed to present witnesses at the hearing.  (*Id.*, ECF p. 3).

Hutchinson does not specify the outcome of the misconduct hearing, or what sanctions, if

any, were imposed.  After his receipt of the misconduct, the institution withdrew its

recommendation for his parole.  (*Id.*)  Plaintiff also claims that "he has had on going

Intimidation, Threats, harassment and infractions by the Department of Corrections."  (*Id.*)

The false misconduct is the prime example of that treatment.  (*Id.*)

As relief, Plaintiff seeks the expungement of his misconduct report, his "parole

privilege" reinstated, and compensatory and punitive damages.  (*Id.*)

IV.     *Discussion*

A.      *SCI-Retreat Is Not a "Person" for the Purposes of a § 1983 Action*

To state a § 1983 claim, a plaintiff must plead two essential elements:  (1) the

conduct complained of was committed by a person acting under color of state law; and (2)

the conduct deprived the plaintiff of a right, privilege, or immunity secured by the

Constitution or laws of the United States.  *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009).

Hutchinson's claims against SCI-Retreat will be dismissed as it is not a

"person" amendable to suit under 42 U.S.C. § 1983.  *See Will v. Mich. Dep't of State*

*Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45 (1989); *Pettaway v. SCI*

*Albion*, 487 F. App'x 766, 768 (3d Cir. 2012)(nonprecedential).  Furthermore, Hutchinson

will not be granted leave to amend his claims against this defendant as doing so would be

futile.

B.      *Failure to Allege the Personal Involvement of Deputy Brittan and Superintendent DelBalso*

It is well established that personal liability under § 1983 cannot be imposed

upon a state official based on a theory of *respondeat superior*. *See, e.g., Rizzo v. Goode*, 423 U.S. 362, 368, 96 S.Ct. 598, 603, 46 L.Ed.2d 561 (1976); *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077, 1082 (3d Cir. 1976). In order to establish liability for the deprivation of a constitutional right, a party must show the personal involvement of each defendant. *Iqbal*, 556 U.S. at 676, 129 S.Ct. at 1948; *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). "It is uncontested that a government official is liable only for his or her own conduct and accordingly must have had some sort of personal involvement in the alleged unconstitutional conduct." *Argueta v. U.S. I.C.E.*, 643 F.3d 60, 71-72 (3d Cir. 2011). This personal involvement can be shown where a defendant personally directs the wrongs, or has actual knowledge of the wrongs and acquiesces in them. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004)(noting that "a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations"). A defendant "cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *C.H. ex rel. Z.H. v. Oliva*, 226 F.3d 198, 201-202 (3d Cir. 2000).

In the instant case, Hutchinson does not allege any personal involvement of Superintendent DelBalso or Deputy Brittan in his alleged receipt of a false and fabricated misconduct, his misconduct hearing, or the revocation of the institution's recommendation that he be paroled. Accordingly, Hutchinson's claims against these defendants will be dismissed.

C.      *Alleged Due Process Violation by Sgt. Kosakowski for
         Issuing Plaintiff the Allegedly Fabricated Misconduct*

Plaintiff alleges Sgt. Kosakowski filed a false misconduct report against him.

However, even if Sgt. Kosakowski did so, Plaintiff fails to state claim against him because

the filing of a false misconduct report does not violate an inmate's due process rights.  As

stated in *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986), a "prison inmate has no

constitutionally guaranteed immunity from being falsely or wrongly accused of conduct

which may result in the deprivation of a protected liberty interest.  The plaintiff, as all other

prison inmates, has the right not to be deprived of a protected liberty interest without due

process of law."

Of course, assuming Plaintiff had a liberty interest here, he was entitled to a

hearing that satisfied due process.[1]  And Plaintiff does allege his right to due process was

violated in two ways: (1) he was not given the opportunity to be heard "in a fair manner by

the Hearing Examiner"; and (2) was not allowed to present witnesses at the hearing.

These are allegations against the hearing examiner, not Sgt. Kosakowski.  The first

allegation is also too general to be meritorious.  Thus, Plaintiff fails to state a due process

claim against Sgt. Kosakowski.

D.      *Leave to Amend*

"[I]f a complaint is vulnerable to [Rule] 12(b)(6) dismissal, a district court must

---

[1]  *In Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974),the Supreme
Court said inmates had to have the following due process rights in prison disciplinary proceedings:
(1) written notice of the hearing at least 24 hours in advance; (2) an opportunity, when consistent
with institutional safety and correctional goals, to call witnesses and present documentary evidence
in his defense; and (3) a written statement by the factfinder of the evidence relied on and the
reasons for the disciplinary action.  *Id.* at 563-71; 94 S.Ct. at 2978-82.

permit a curative amendment, unless an amendment would be inequitable or futile."

*Phillips*, 515 F.3d at 236.  In this case, any amendment to Hutchinson's claim against SCI-

Retreat would be futile.  However, with respect to Hutchinson's due process claims, the

deficiencies noted may be remedied by amendment.  Plaintiff should provide more facts

about those claims.  He should name the individuals responsible for the due process

violations and provide facts supporting his claim that he was not given fair treatment at the

hearing.  He should also name the witnesses he wanted to call, the substance of their

testimony, and how his inability to call them at the hearing adversely affected his rights.

Finally, since due process in this context only applies to a deprivation of a liberty interest,

*see Sandin v. Conner,* 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995); *Mitchell*

*v. Horn*, 318 F.3d 523, 531-32 (3d Cir. 2003); Plaintiff should describe the sanctions

imposed upon him as a result of the hearing.[2]

Plaintiff also claims that "he has had on going Intimidation, Threats,

harassment and infractions by the Department of Corrections."  These allegations might

indicate Plaintiff might have an Eighth Amendment claim.  We will grant leave to amend this

claim so that Plaintiff can support the claim with sufficient allegations concerning what the

intimidation, threats, harassment and infractions were, how often they happened, who were

responsible for them, and any injuries Plaintiff suffered as a result.

Plaintiff will be granted twenty-one days to file an amended complaint.  If he

decides to file an amended complaint, he is advised that it must contain the same docket

---

[2]  Thus, in deciding under *Sandin* whether a liberty interest is implicated by the imposition of disciplinary confinement as a sanction, the court must consider not only the duration of that confinement, but also the conditions of that confinement, in relation to other prison conditions. *Mitchell*, 318 F.3d at 532 (citing *Shoats v. Horn*, 213 F.3d at 140, 144 (3d Cir. 2000)).

number as the instant action and should be labeled "Amended Complaint."  In addition, the "amended complaint must be complete in all respects.  It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992).  Consequently, all causes of action alleged in the original complaint which are not alleged in the amended complaint are waived.

Plaintiff is also advised that his amended complaint must be concise and direct.  *See* Fed. R. Civ. P. 8(d).  Each allegation must be set forth in an individually numbered paragraph in short, concise and simple statements.  *Id.*  The allegations should be specific as to time and place, and should identify the specific person or persons responsible for the deprivation of his constitutional rights and what each individual did that led to deprivation of his rights.  *Iqbal*, 556 U.S. at 676, 129 S.Ct. at 1948.  He also shall specify the relief he seeks with regard to each claim.  Plaintiffs' failure to file an appropriate amended complaint within the required time will result in dismissal of this action.

An appropriate order follows.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge


Date: April 14, 2014

-8-