IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JASON HUTCHINSON,

    Plaintiff

vs.

SGT. KOSAKOWSKI, *et al.*,

    Defendants

CIVIL NO. 1:CV-14-0625

(Judge Caldwell)

## *M E M O R A N D U M*

I.    *Introduction*

On March 31, 2014, Jason Hutchinson, an inmate housed at the Retreat State Correctional Institution (SCI-Retreat), Hunlock Creek, Pennsylvania, filed this pro se civil-rights action pursuant to 42 U.S.C. § 1983. On April 14, 2014, the court screened the Complaint pursuant to 28 U.S.C. § 1915, dismissed it for failure to state a claim against the named defendants, and granted Hutchinson leave to file an amended complaint. *See* Doc. 11.

Hutchinson filed an Amended Complaint on April 25, 2014. (Doc. 12). Presently before the court is defendants' motion to dismiss the Amended Complaint. (Doc. 20). For the reasons that follow, defendants' motion to dismiss will be granted and the case dismissed without leave to amend.

II.     *Standard of Review*

"The test in reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6) is whether, under any 'plausible' reading of the pleadings, the plaintiff would be entitled to relief." *Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764 (3d Cir. 2013)(citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)).  Under Rule 12(b)(6), we must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)(quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008)).  While a complaint need only contain "a short and plain statement of the claim," Fed.R.Civ.P. 8(a)(2), and detailed factual allegations are not required, *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1964, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)(quoting *Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965). "[L]abels and conclusions" are not enough, and a court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1965 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 2944, 92 L.Ed.2d 209 (1986)).

"Pro se complaints are 'liberally construed' and 'held to less stringent standards than formal pleadings drafted by lawyers[.]'" *Jackson v. Div. of Developmental Disabilities*, 2010 WL 3636748, at *2 n.3 (3d Cir. 2010) (per curiam) (nonprecedential)

(quoted case omitted).  Nonetheless, the complaint still "must contain allegations permitting 'the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoted case omitted).

*Pro se* litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile.  *See DelRio-Mocci v. Connolly Properties Inc.*, 672 F.3d 241, 251 (3d Cir. 2012).

III.   *Background*

In his Amended Complaint, Hutchinson names as defendants the following three Pennsylvania Department of Corrections (DOC) employees who work at SCI-Retreat: Superintendent Theresa Delbalso; Deputy Superintendent Brittan; and Sgt. Kosakowski. (Doc. 12, Am. Compl.)

He alleges as follows.  On January 9, 2014, while Hutchinson was eating in the SCI-Retreat dining hall, an incident occurred in another part of the institution.  When Plaintiff asked Sgt. Kosakowski "Why did everyone run out of here [?]," he was issued a misconduct.  (*Id.*, ECF p. 2).  He was charged with engaging in or encouraging unauthorized group activities; using abusive or obscene language to an employee; and failing to obey an order.

Hearing Examiner Kot, a non-defendant, presided over Hutchinson's January 15, 2014, misconduct hearing.  (*Id.*)  Hutchinson was found guilty of all charges and issued

concurrent sentences of thirty days' disciplinary confinement for each offense.[1]  (*Id.*) Hutchinson claims his due process rights were violated when the Hearing Examiner did not: (1) permit him to call the three inmates he was eating lunch with as witnesses; and (2) failed to review available video surveillance tapes from the dining area. (*Id.*) Hutchinson disputes the Hearing Examiner's finding that the requested witnesses were "NOT NEEDED TO ESTABLISH GUILT OR INNOCENCE." (*Id.*, ECF p. 3).

Hutchinson also alleges that since May 2012, when he was housed on B Unit, he has been subject to staff harassment, threats and intimidation. (*Id.*) He claims Correctional Officers (CO) Bower, CO Jones and CO Smith, all non-defendants, told him they would put him in the "hole" so he would lose his parole. (*Id.*) He also claims his incoming and outgoing mail has been delayed, and even withheld, and that he has been subjected to intrusive cell searches and denied "cell agreement moves . . . all based upon "NOTHING" simply because employees wish to." (*Id.*)

Hutchinson claims Superintendent Delbalso and Deputy Brittan were aware of his ongoing mistreatment, including Sgt. Kosakowski's issuance of the false misconduct. Plaintiff asserts these defendants "had the ability to correct the loss of deprivation and did not." (Doc. 12-1, ECF p. 3).

---

[1] Attached to Hutchinson's Amended Complaint is the Eastern Regional Deputy's response on Final Review of Plaintiff's misconduct. *See* Doc. 12 at ECF p. 5. At final review, one of the misconduct charges, engaging in, or encouraging unauthorized group activity, was dismissed. (*Id.*) However, the finding of guilt as to the remaining charges was upheld. (*Id.*); *see also* Doc. 12-1, ECF p. 2.

As relief, Hutchinson wants the misconduct expunged from his file, the institution reinstate its prior recommendation that he be paroled, his immediate consideration for parole, and punitive and compensatory damages. (*Id.*, ECF p. 3).

IV.   Discussion

      A.   *Hutchinson's Claim for Monetary Damages Against Defendants in their Official Capacities Fails to State a Claim for Which Relief May be Granted*

Under the Eleventh Amendment, the defendants move to dismiss the Amended Complaint against them in their official capacities. (Doc. 21, Mot. to Dismiss Br., ECF p. 3). The Eleventh Amendment bars suits against a state and its agencies in federal court that seek monetary damages. *See Pennhurst v. Halderman*, 465 U.S. 89, 99 - 100, 104 S.Ct. 900, 907, 79 L.Ed.2d 67 (1984); *A.W. v. Jersey City Pub.Schs*, 341 F.3d 234, 238 (3d Cir. 2003). Suits against state officials in their official capacities are really suits against the employing government agency, and as such, are also barred by the Eleventh Amendment. *See Hafer v. Melo*, 502 U.S. 21, 25 - 27, 112 S.Ct. 358, 361 - 62, 116 L.Ed.2d 301 (1991); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 - 71, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45 (1989). The Commonwealth of Pennsylvania has expressly withheld consent and has not waived its Eleventh Amendment immunity. *See* 42 Pa. Con. Stat. Ann. §§ 8521-8522.

Consequently, to the extent Hutchinson seeks to bring his action against the named defendants in their official capacities for monetary damages, the Eleventh Amendment of the United States Constitution bars such claims, and they will be dismissed.

B. *Hutchinson Fails to Allege the Personal Involvement of Superintendent Delbalso or Deputy Brittan in the Amended Complaint.*

To successfully state a § 1983 claim, a plaintiff must allege: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct complained of deprived the plaintiff of rights, privileges, or immunities secured by the laws or the Constitution of the United States. *Rehberg v. Paulk*, ___ U.S. ___, ___, 132 S.Ct. 1497, 1501, 182 L.Ed.2d 593 (2012); *Schneyder v. Smith*, 653 F.3d 313, 319 (3d Cir. 2011).

To establish liability for the deprivation of a constitutional right, an individual government defendant must have personal involvement in the alleged wrongs; liability cannot be predicated based on the unconstitutional conduct of their subordinates under a theory of *respondeat superior. Iqbal*, 556 U.S. at 676, 129 S.Ct. at 1948; *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). "It is uncontested that a government official is liable only for his or her own conduct and accordingly must have had some sort of personal involvement in the alleged unconstitutional conduct." *Argueta v. U.S. I.C.E.*, 643 F.3d 60, 71-72 (3d Cir. 2011). This personal involvement can be shown where a defendant personally directs the wrongs, or has actual knowledge of the wrongs and acquiesces in them. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004)(noting that "a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations"). A defendant "cannot be held responsible for a

constitutional violation which he or she neither participated in nor approved." *C.H. ex rel. Z.H. v. Oliva*, 226 F.3d 198, 201-202 (3d Cir. 2000).

Likewise, participation in the after-the-fact review of a grievance or other administrative remedy is not enough to establish personal involvement. *See, e.g. Rode*, 845 F.2d at 1208 (finding the filing of a grievance is not enough to show the actual knowledge necessary for personal involvement); *Mincy v. Chmielsewski*, 508 F. App'x 99, 104 (3d Cir. 2013) (nonprecedential) (finding "an officer's review of, or failure to investigate, an inmate's grievances generally does not satisfy the requisite personal involvement" requirement); *Pressley v. Beard*, 266 F. App'x 216, 218 (3d Cir. 2008) (nonprecedential) ("The District Court properly dismissed these [supervisory] defendants and any additional defendants who were sued based on their failure to take corrective action when grievances or investigations were referred to them."); *Brooks v. Beard*, 167 F. App'x 923, 925 (3d Cir. 2006) (nonprecedential) (allegations that prison officials and administrators responded inappropriately to inmate's later-filed grievances do not establish the involvement of those officials and administrators in the underlying deprivation); *Burnside v. Moser*, 138 F. App'x 414, 416 (3d Cir. 2005) (nonprecedential) (failure of prison official to process administrative grievance did not amount to a constitutional violation or personal involvement in the alleged constitutional deprivation grieved).

In the instant case, Hutchinson does not allege any personal involvement of Superintendent Delbalso or Deputy Brittan in his alleged receipt of a false and fabricated misconduct or his procedurally improper misconduct hearing. Likewise, he does not suggest that these supervisory defendants directed, or had contemporaneous knowledge of, Sgt. Kosakowski's alleged improper activities, or those of the identified non-defendants

(denial of due process at his misconduct hearing; verbal threats by non-defendant prison staff; alleged interference with his mail; or the alleged improper revocation of the institution's recommendation for parole).  Accordingly, Hutchinson's claims against Superintendent Delbalso and Deputy Superintendent Brittan will be dismissed for failure to state a claim upon which relief may be granted.

> C.  *Failure to Allege a Due Process Claim Against Sgt. Kosakowski for the Issuance of an Allegedly Fabricated Misconduct.*

Hutchinson alleges Sgt. Kosakowski violated his due process rights when he issued him a false or fabricated misconduct.  Hutchinson also alleges that a non-defendant, Hearing Examiner Kot, violated his due process rights at his misconduct hearing by denying him witnesses and refusing to review available surveillance video.

To invoke the Due Process Clause, an inmate must first identify a liberty interest that has been violated.  *Wilkinson v. Austin*, 545 U.S. 209, 221, 125 S.Ct. 2384, 2393, 162 L.Ed.2d 174, 189 (2005).  It is well established that the act of filing a false disciplinary misconduct does not itself violate a prisoner's constitutional rights even if it may result in the deprivation of a protected liberty interest.  *See Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986) (A "prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest.)  However, inmates do have the right not to be deprived of a protected liberty interest without due process of law.  *Id.* at 952.  Accordingly, "so long as certain procedural requirements are satisfied, mere allegations of falsified evidence or

-8-

misconduct reports, without more, are not enough to state a due process claim." *Smith v. Mensinger,* 293 F.3d 641, 654 (3d Cir. 2002) (citing *Freeman*, 808 F.2d at 953).

In *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), the Supreme Court of the United States set forth certain due process protections an inmate facing the deprivation of a constitutionally cognizable liberty interest as a result of a prison disciplinary proceeding is entitled to receive.  These include: (1) advance written notice of the charges against him; (2) a written statement of the evidence relied on and the reasons for taking any disciplinary action; (3) a hearing where he is afforded the right to call witnesses and present evidence when doing so is not inconsistent with institutional safety and correctional concerns, and a written decision; (4) the opportunity to non-attorney representation when the inmate is illiterate or the disciplinary hearing involves complex issues; and (5) an impartial decision-maker.  *Id.* at 563-71, 94 S.Ct. at 2978-82.  In the context of prison disciplinary proceedings, a prisoner's due process rights are not triggered unless the disciplinary action results in the loss of good-conduct time or when the penalty "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  *Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 2300, 132 L.Ed.2d 418 (1995).   In determining whether a protected liberty interest exists, the court must consider: (1) the duration of the disciplinary confinement; and (2) the conditions of that confinement in relation to other prison conditions.  *Id.*

In the present action, assuming Sgt. Kosakowski did issue Hutchinson a false misconduct, that allegation by itself, as noted above, does not state a claim upon which relief may be granted.  *Freeman*, 808 F.2d at 951.  Additionally, it was Hearing Examiner Kot (a non-defendant), and not Sgt. Kosakowski, who conducted the allegedly

constitutionally infirm misconduct hearing.  In sum, Hutchinson fails to state a due process, or any other, claim against Sgt. Kosakowski.

To the extent Hutchinson believes he named Hearing Examiner Kot as a defendant,[2] he did not.  Nonetheless, even if Hutchinson were to amend his complaint for the second time and name Hearing Examiner Kot as a defendant, his due process claim against this would-be-defendant would also fail.  Here, Hutchinson contends he spent thirty days in disciplinary custody because Hearing Examiner Kot failed to allow him to call witnesses and refused to review relevant videotape.  The Third Circuit Court of Appeals has held that this type of confinement does not constitute an "atypical and significant hardship" under *Sandin*.  *See Mensinger* 293 F.3d at 654 (holding that seven months' disciplinary confinement "does not, on its own, violate a protected liberty interest as defined in *Sandin*."); *Griffin v. Vaughn*, 112 F.3d 703, 706 (3d Cir. 1997) (finding that fifteen months in segregation was not an atypical and significant hardship).  Confinement in administrative or disciplinary segregation is insufficient, without more, to establish the kind of "atypical" deprivation of prison life necessary to implicate a liberty interest.  *Sandin*, 515 U.S. at 486, 115 S.Ct. at 2301; *see also Griffin*, 112 F.3d 706-07.  Because the court finds that Hutchinson's confinement in disciplinary custody for thirty days did not impose an atypical and significant hardship, and thus did not deprive him of a protected liberty interest, the procedural due process protections of *Wolff* did not apply to his hearing.  Thus, any claim that Hearing Examiner Kot violated his due process rights would be meritless.

---

[2] Hutchinson contends in his brief in opposition to defendants' motion to dismiss that he named Hearing Examiner Kot as a defendant in his Amended Complaint.  *See* Doc. 24, ECF p. 1.  However, Hearing Examiner Kot is not identified as a defendant in the Amended Complaint.  *See* Doc. 12, ECF p. 1.

V.   *Conclusion*

For the reasons set forth above, defendants' Motion to Dismiss Hutchinson's Amended Complaint will be granted.  Further, because Hutchinson was advised that his original Complaint was deficient, and was given the opportunity to cure the identified deficiencies, and then filed an Amended Complaint containing largely the same faulty factual allegations as the original Complaint, the court will not grant Hutchinson leave to further amend since to do so would be futile.  *Shelley v. Patrick*, 481 F. App'x 34, 36 (3d Cir. 2012).

An appropriate order follows.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

Date: June 15, 2015